| | | |
|---|---|---|
| TRACIE EMERSON, in her capacity as Anticipated Administrator of the ESTATE OF ALAN S. WILLISON, JR., deceased,<br><br>    Plaintiff,<br><br>vs.<br><br>CLAYTON COUNTY, GEORGIA; CORRECTHEALTH CLAYTON, LLC; LEVON ALLEN, in his official and individual capacity; DONTE BANKS, in his individual capacity; JOSE CALDERIN SANCHEZ, in his individual capacity; MARKEISHA JAMES, in her individual capacity, JONATHAN R. HENRY, in his individual capacity, DELVAN JONES, in his individual capacity, TEVIN E. JONES, in his individual capacity, TERRION D. JONES, in his individual capacity, COREY B. SMART, in his individual capacity, STOKES E. WILLIAMS, Jr., in his individual capacity, BRIANNA S. HARDY, in her individual capacity, DAVID A. JOHNSON, in his individual capacity, THOMAS T. CAMPBELL, in his individual capacity, ROLAND BOEHRER, in his individual capacity, JOHN SIMS, MARY VESSEL APRIL CAMERON, CHARLES CLOPTON, JR., and DOES 1-10 | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CIVIL ACTION FILE NUMBER:<br>1:24-cv-04843-MHC |

Defendants.                    )

## DEFENDANT CORRECTHEALTH CLAYTON, LLC'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

COMES NOW Defendant CorrectHealth Clayton, LLC and files its Answer, showing this Court the following:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim for which relief may be granted.

### SECOND DEFENSE

Some or all of Plaintiff's claims may be barred by the expiration of the statute of limitations.

### THIRD DEFENSE

Plaintiff's claims may be barred based on Plaintiff's failure to timely and properly perfect service of process of the Summons and Complaint on Defendant.

### FOURTH DEFENSE

Venue may be improper as to Defendant.

### FIFTH DEFENSE

At all times relevant hereto, the care and treatment of Plaintiff by Defendant met or exceeded the standard of care applicable to members of the medical profession generally under the same or similar circumstances.

## SIXTH DEFENSE

Plaintiff's Complaint may subject to dismissal on the merits for failure to state a claim upon which relief may be granted due to Plaintiff's failure to comply with O.C.G.A. § 9-11-9.1 by failing to file an affidavit of an expert qualified to render opinions pursuant to O.C.G.A. § 24-7-702 simultaneously with the Complaint in this case. Plaintiff's experts may fail to satisfy the requirements of O.C.G.A. § 9-11-9.1 and/or O.C.G.A. § 24-7-702 or may be otherwise unqualified to testify against Defendant.

## SEVENTH DEFENSE

Defendant did not act negligently in providing medical care and treatment to Plaintiff.

## EIGHTH DEFENSE

Defendant did not breach any duty owed to the Plaintiff.

## NINTH DEFENSE

There is no causal relationship between any alleged acts and/or omissions on the part of Defendant and any alleged injuries to Plaintiff.

## TENTH DEFENSE

Plaintiff was either contributorily or comparatively negligent and/or assumed the risks of the events alleged in Plaintiff's Complaint.

## ELEVENTH DEFENSE

The injuries allegedly suffered by Plaintiff may have been the result of actions or omissions of individuals over whom Defendant had no control; therefore, Defendant cannot be liable to the Plaintiff.

## TWELFTH DEFENSE

Plaintiff has not been subjected to the deprivation of any rights, privileges or immunities secured under the constitution or the laws of the United States or the State of Georgia and, therefore, Plaintiff's claims should be dismissed.

## THIRTEENTH DEFENSE

Plaintiff has suffered no constitutional deprivation or violation of any rights secured by 42 U.S.C. § 1983 or § 12131, et seq., or any Federal statute.

## FOURTEENTH DEFENSE

Some or all of the Plaintiff's claims may be barred by the Doctrine of Qualified Immunity.

## FIFTEENTH DEFENSE

Defendant did not act with deliberate indifference to Plaintiff's medical needs.

## SIXTEENTH DEFENSE

Plaintiff cannot prove that Plaintiff suffered from a "serious medical condition" at the time of this incident.

## SEVENTEENTH DEFENSE

There is no *respondeat superior* liability under 42 U.S.C. § 1983 and, as such, the Plaintiff's claims are barred in whole or in part to the extent that separate claims are asserted against Defendant in that capacity.

## EIGHTEENTH DEFENSE

Under Monell v. Department of Soc. Svcs. 436 U.S. 658 (1978), Plaintiff cannot prove that Defendant had an official or unofficial but widespread policy or custom of deliberate indifference such that they knew or should have known of the risk of constitutional violations.

## NINTEENTH DEFENSE

Plaintiff's claims may be barred in whole or in part by Plaintiff's failure to comply with the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e, *et seq.*

## TWENTIETH DEFENSE

Pursuant to 42 U.S.C. §1997(e), Plaintiff may have failed to exhaust all administrative remedies.

## TWENTY-FIRST DEFENSE

The Court may lack subject matter jurisdiction over this Defendant in the United States District Court inasmuch as the purported claims against Defendant represent nothing more than a professional negligence action based upon state law and does not provide a viable basis for Federal Court jurisdiction.

## TWENTY-SECOND DEFENSE

Plaintiff has failed to properly join one or more indispensable parties.

## TWENTY-THIRD DEFENSE

Plaintiffs' claims may be barred by the equitable doctrines of estoppel, waiver and/or laches.

## TWENTY-FOURTH DEFENSE

To the extent Plaintiff raises the issue of punitive damages, Defendant is immune from liability for punitive damages because it is a "functional municipality."

## TWENTY-FIFTH DEFENSE

Plaintiff's attempt to raise the issue of punitive damages must fail as the Plaintiff has failed to allege that the Defendant's actions showed willful misconduct, fraud, malice, wantonness, oppression, or that entire want of care that would raise the presumption of conscience indifference to consequences.

## TWENTY-SIXTH DEFENSE

Without limiting the generality of the previous defense, an award of punitive damages against Defendant would violate Defendant's due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by Article I, Section I, Paragraph 1 of the Constitution of Georgia of 1983 because (1) such an award is subject to no predetermined amount, such as a maximum multiple of compensatory damages or a maximum amount; (2) the standard of law does not

provide for sufficient clarity for determining the appropriateness and the approximate size of the punitive damage award; (3) the jury is not adequately instructed on the limits of punitive damages imposed by the applicable principles of deterrence and punishment; (4) the jury is not expressly prohibited from awarding punitive damages, or determining the amount of an award of punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the residence, wealth, status and identity of the Defendant; (5) the jury is permitted to award punitive damages under a standard for determining liability for punitive damages that are vague and arbitrary and does not define with sufficient clarity the conduct or mental state that makes punitive damages permissible; (6) the award of punitive damages are not subject to trial court and appellate judicial review for reasonableness and for the furtherance of the legitimate purposes of such damages on the basis of objective standards; (7) the award of punitive damages in this action would have an impermissible extraterritorial effect; (8) Defendant had no notice of or means of ascertaining whether, or in what amount, in might be subject to a penalty of punitive damages for the conduct alleged by Plaintiff in this case, which lack of notice was compounded by absence of an adequate or meaningful standards as to the kind of conduct that might subject Defendant to punitive damages or as to the potential amount of such an award; (9) an award of punitive damages does not give cognizance to the comparability of the award to awards in other, similar cases; (10) an award of

punitive damages does not give adequate consideration to the proportionality of the punitive damages awarded to the wrong done to Plaintiff; and (11) no provision provides adequate procedural safeguards consistent with the criteria set forth in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976) for the imposition of a punitive award.

## TWENTY-SEVENTH DEFENSE

O.C.G.A. § 51-12-5.1 violates the prohibition on the taking by the government of private property for public use without just compensation as set forth in the Fifth Amendment of the Constitution of the United States and made applicable to the States through the Fourteenth Amendment to the Constitution of the United States, with the result that the entirety of O.C.G.A. § 51-12-5.1 concerning punitive damages is void as unconstitutional.

## TWENTY-EIGHTH DEFENSE

An imposition of punitive damages against Defendant in this case would violate the prohibition against excessive fines of the Eighth Amendment of the United States Constitution and Article I, Section I, Paragraph XVII of the Constitution of Georgia of 1983.

## TWENTY-NINTH DEFENSE

Without limiting any previous defense, insofar as any punitive damages sought by Plaintiff is awarded, such punitive damages may not exceed the sum of substantial compensatory damages that may be awarded to the Plaintiff, as to do so would violate this Defendant's due process rights guaranteed by the United States Constitution and by Article I, Paragraph I of the Constitution of Georgia of 1983 as applied in State Farm Mutual Automobile Insurance Co. v. Campbell, 123 S. Ct. 1513 (2003), Cooper Industries, Inc. v. Leatherman Tool Group, Inc., 532 U.S. 424, 121 S. Ct. 1678 (2001), BMW of North America, Inc. v. Gore, 517 U.S. 559 (1996), Pacific Mutual Life Ins. Co. v. Haslip, 499 U.S. 1 (1990), and Matthews v. Eldridge, 424 U.S. 319 (1976).

## THIRTIETH DEFENSE

Plaintiff's claims for punitive damages are in violation of and barred by the due process clause of the 1983 Georgia Constitution, Article I, Section I, Paragraph I, and by the Fifth and Fourteenth Amendments to the United States Constitution.

## THIRTY-FIRST DEFENSE

Plaintiff may not have standing to bring the claims contained in the Complaint.

## THIRTY-SECOND DEFENSE

Defendants respond to the specific numbered paragraphs of Plaintiff's complaint as follows:

# INTRODUCTION

### 1.

Defendant denies the allegations contained in this paragraph.

### 2.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 3.

Defendant is without sufficient information to admit or deny the allegations contained in this paragraph, therefore same are denied. Defendant denies any allegations of negligence contained in this paragraph.

# PARTIES, JURISDICTION, AND VENUE

### 4.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 5.

Defendant admits venue is proper as the case is currently styled.

### 6.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

7.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

8.

Defendant admits the application of Tracie Emerson to be the administrator of Mr. Willison's estate is attached hereto as Exhibit A. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

9.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

10.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

11.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

12.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

13.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

14.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

15.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

16.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

17.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

18.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

19.

Defendant is without sufficient information to either admit or deny the allegations

contained in this paragraph, therefore same is denied.

20.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

21.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

22.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

23.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

24.

Defendant admits it contracts with Clayton County to provide medical services at the Clayton County Jail. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

25.

Defendant denies the allegations contained in this paragraph as stated.

26.

Defendant denies the allegations contained in this paragraph as stated.

27.

Defendant denies the allegations contained in this paragraph as stated.

28.

Defendant admits Dr. Clopton was a medical doctor and the Medical Director at the Clayton County Jail. The remaining allegations contained in this paragraph are denied as stated.

29.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

## FACTUAL ALLEGATIONS

30.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

31.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

32.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

33.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph.

34.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton

County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

35.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

36.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

37.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

38.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

39.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

40.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

41.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

42.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

43.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

44.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

45.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

46.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and

treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

47.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

48.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

49.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton

County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

50.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

51.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

52.

Defendant admits the allegations contained in this paragraph to the extent they

comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

53.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

54.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

55.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

56.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

57.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

58.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

59.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

60.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and

treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

61.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

62.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

63.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton

County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

64.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

65.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

66.

Defendant admits the allegations contained in this paragraph to the extent they

comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

67.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

68.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

## COUNT 1

### 69.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 70.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 71.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 72.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 73.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

### 74.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

75.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

76.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

77.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

78.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

79.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

80.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

81.

Defendant is without sufficient information to either admit or deny the allegations

contained in this paragraph, therefore same is denied.

## COUNT II

82.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

83.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

84.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

85.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

86.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

87.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

88.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

89.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

90.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

91.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

92.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

93.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

94.

Defendant is without sufficient information to either admit or deny the allegations

contained in this paragraph, therefore same is denied.

95.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

96.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

97.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

98.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

99.

Denied as to this Defendant. Defendant is without sufficient information to either

admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

100.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

101.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

102.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

## **COUNT III**

103.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

104.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

105.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

106.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and

treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

107.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same are denied.

108.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

109.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

110.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

111.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

112.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

113.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

114.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

115.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

116.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

117.

Denied as to this Defendant. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

**<u>COUNT IV</u>**

118.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

119.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

120.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

121.

Defendant is without sufficient information to either admit or deny the allegations

contained in this paragraph, therefore same is denied.

122.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

123.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

124.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

125.

Defendant is without sufficient information to either admit or deny the allegations contained in this paragraph, therefore same is denied.

**COUNT V**

126.

Defendant admits the allegations contained in this paragraph.

127.

Defendant denies the allegations contained in this paragraph as stated.

128.

Defendant admits the allegations contained in this paragraph to the extent they

comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

129.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

130.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

131.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

132.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

133.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

135.

Defendant denies the allegations contained in this paragraph.

135.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

136.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

137.

Defendant admits the allegations contained in this paragraph to the extent they

comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

138.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

139.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

140.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

141.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

142.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

143.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

144.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

145.

Defendant denies the allegations contained in this paragraph.

146.

Defendant denies the allegations contained in this paragraph.

147.

Defendant denies the allegations contained in this paragraph.

148.

Defendant denies the allegations contained in this paragraph.

149.

Defendant denies the allegations contained in this paragraph.

150.

Defendant denies the allegations contained in this paragraph.

151.

Defendant denies the allegations contained in this paragraph.

152.

Defendant denies the allegations contained in this paragraph.

## **COUNT VI**

153.

Defendant denies the allegations contained in this paragraph.

154.

Defendant denies the allegations contained in this paragraph.

155.

Defendant denies the allegations contained in this paragraph.

156.

Defendant denies the allegations contained in this paragraph.

## COUNT VII

157.

Denied as to this Defendant. Defendant is without knowledge to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

158.

Denied as to this Defendant. Defendant is without knowledge to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

## COUNT VIII

159.

Defendant admits there is an Affidavit attached to the First Amended Complaint as Exhibit B. Defendant is without sufficient knowledge to either admit or deny the remaining allegations in this paragraph, therefore same are denied.

160.

Defendant admits the allegations contained in this paragraph to the extent they comport with Mr. Willison's medical records from his incarceration at the Clayton County Jail and the recollections of the medical providers who provided care and treatment to Mr. Willison during the relevant timeframe. Defendant is without

sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

161.

Defendant denies the allegations contained in this paragraph.

162.

Defendant denies the allegations contained in this paragraph.

163.

Defendant denies the allegations contained in this paragraph.

164.

Defendant denies the allegations contained in this paragraph.

## **COUNT IX**

165.

Defendant admits Defendants Clopton, Cameron, Vessel, and Sims were employees of CorrectHealth, LLC at the time of the events at issue. Defendant is without sufficient information to either admit or deny the remaining allegations contained in this paragraph, therefore same are denied.

166.

Defendant admits it entered into a contract with Clayton County to provide medical care to inmates at the jail. Defendant is without sufficient information to either admit

or deny the remaining allegations contained in this paragraph, therefore same are denied.

167.

Defendant denies the allegations contained in this paragraph as stated.

**THIRTY-THIRD DEFENSE**

All allegations contained in Plaintiff's Complaint that are not specifically admitted are hereby denied.

WHEREFORE, having fully responded to Plaintiff's Complaint, Defendant CorrectHealth Clayton, LLC prays as follows:

1. That Plaintiff's Complaint be dismissed for failure to state a claim upon which relief may be granted.

2. That Defendant's defenses be inquired into and that the same be sustained.

3. That Defendant have judgment in his favor and against the Plaintiff.

4. That Plaintiff recover nothing against Defendant.

5. That Defendant have a trial by jury of twelve.

6. That all costs be taxed against the Plaintiff; and

7. That this Court enter such other and further relief as it deems just and proper under the circumstances.

This the 22nd day of November, 2024.

/s/ Chelsea N. Murphy
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorneys for Defendant*

LAVENDER HOFFMAN EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
(404) 400-4500 (phone and fax)
tlavender@lhefirm.com
cmurphy@lhefirm.com

## CERTIFICATE OF COMPLIANCE

Under the Civil Local Rules of Practice for the United States District Court for the Northern District of Georgia, this is to certify that the foregoing document complies with the font and point selections approved by the Court in Local Rule 5.1.C. The foregoing was prepared on computer using Times New Roman font (14 point).

*/s/ Chelsea N. Murphy*
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

This will certify that the undersigned has this day served a true and correct copy

of the foregoing upon all counsel of record via Statutory Electronic Mail as follows:

Isaac Tekie
Thomas E. Reynolds, Jr.
Reynolds Law Group, LLC
3390 Peachtree Rd, N.E., Ste 1100
Atlanta, GA 30326

*Attorneys for Plaintiff*

This the 22nd day of November, 2024.

*/s/ Chelsea N. Murphy*
Thomas E. Lavender III
Georgia Bar No. 439389
Chelsea N. Murphy
Georgia Bar No. 919109
*Attorneys for Defendant*

LAVENDER HOFFMAN EMERY, LLC
750 Hammond Drive
Building 2, Suite 200
Atlanta, GA 30328
(404) 400-4500 (phone and fax)
tlavender@lhefirm.com
cmurphy@lhefirm.com